

1 | Anna Y. Park, CA SBN 164242
Dana C. Johnson, CA SBN 187341
2 | U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3 | 255 East Temple Street, 4th Floor
Los Angeles, CA  90012
4 | Telephone: (213) 894-1079
Facsimile: (213) 894-1301
5
Attorneys for Plaintiff
6 | U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
7

**ORIGINAL**

2004 SEP 30  P 12: 42

**UNITED STATES DISTRICT COURT**

**DISTRICT**

CV-S-04-1357-JCM-PAL

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

v.

VALENTINO LAS VEGAS, LLC,
VALENTINO SANTA MONICA, LLC,
GIORGIO CAFFE & RISTORANTE; AND
DOES 1-10 INCLUSIVE,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT CIVIL RIGHTS
EMPLOYMENT DISCRIMINATION**

(42 U.S.C. §§ 2000e, et seq.; )

**DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

This is a sexual harassment action brought by the United States Equal Employment Opportunity Commission, ("the Commission") under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to the class of similarly situated individuals who were adversely affected by such pattern and practices.  The Commission alleges a class of individuals was sexually harassed  and/or subjected to sex based harassment during their employment with Defendant, Valentino Las Vegas, LLC, Valentino Santa Monica, LLC, Giorgio Caffe & Ristorante

///

("Defendant Employers").  Defendant Employers terminated and/or constructively discharged some of the women resulting in a tangible employment action.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to section §§706(f)(1)and (3); and §§707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. §2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981A.

2.    The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the State of Nevada.

3.    Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment pattern and practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of section §§706(f)(1) and (3) of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3).  All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4.    Plaintiff Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action under §§706(f)(1) and (3) of Title VII, 42 U.S.C., §§ 2000e-5(f)(1) and (3).

5.    At all relevant times, "Defendant Employers," have continuously been and are now doing business in the State of Nevada, County of Clark, and City of Las Vegas, Nevada.

6.    Plaintiff is ignorant of the true names and capacities of "Defendant Employers," sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said "Defendant Employers" by such fictitious names.  Plaintiff reserves the right to amend the complaint to name the DOE "Defendant Employers" individually or corporately as they become known. Plaintiff alleges that each of the "Defendant Employers" named as DOES was in some manner ///

responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when same shall have been ascertained by Plaintiff.

7.      It is further alleged on information and belief that the named and/or unnamed Defendant Employers  in the complaint are alter egos, joint employers, and/or integrated enterprises of each other.

8.      All of the acts and failures to act alleged herein were duly performed by and attributable to "Defendant Employers", each acting as a successor, agent, employee or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each "Defendant Employer" participated in, approved and/or ratified the unlawful acts and omissions by other "Defendant Employers" complained of herein.  Whenever and wherever reference to any act in this Complaint to any act by a defendant employer or "Defendant Employer", such allegations and reference shall also be deemed to mean the acts and failures to act of each "Defendant Employer" acting individually, jointly and/or severally.

9.      At all relevant times, "Defendant Employers" have continuously been employers engaged in an industry affecting commerce within the meaning of §§ 701 (b), (g) and (h) of Title VII, 42 U.S.C., §§ 2000e-1(b), (g) and (h) and §§ 11(b), (g), and (h).

**STATEMENT OF CLAIMS**

10.     More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission alleging violations of Title VII by Defendant Employers.  The Commission has issued a Letter of Determination finding that female employees were subjected to unlawful sexual harassment and/or sex based harassment in violation of Title VII.  Some of the female employees were also found to have been constructively discharged from their employment with the Defendant Employers.  All conditions precedent to the institution of this lawsuit have been fulfilled.

11. "Defendant Employers" have engaged in a practice of unlawful employment practices at its facility in Las Vegas, Nevada in violation of §§706(f)(1) and (3) and §§707 of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3).  The "Defendant Employers" caused physical,

-3-

visual, and verbal harassment to be directed at a class of women that impacted the terms and conditions of their employment that created a hostile working environment at "Defendant Employers." Some of the women were also subjected to quid pro quo harassment in violation of Title VII. The Defendant Employers also terminated or constructively discharged some of the female employees, resulting in a tangible employment action. For others, once "Defendant Employers" became aware of the unlawful sexual harassment and sex based harassment it failed to take prompt remedial action intended to eliminate the harassment, a violation of §§706 and §§707 of Title VII, 42 U.S.C. §2000e-2e-5(f)(1) and (3).

12.    The impact of the aforementioned conduct deprived the female employees of equal employment opportunities and to otherwise adversely impacted their employment status because of their sex.

13.    The unlawful employment practices complained of above were and are willful within the meaning of §§706(f)(1) and (3) and §§707 of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3).

14.    The unlawful employment pattern and practices complained of above were intentional and caused the female employees to suffer emotional distress.

15.    "Defendant Employers" have acted with malice or reckless indifference to the federally protected rights of the female employees by subjecting them to harassment consisting of sexually charged conduct, derogatory statements, obscene language, termination, and/or constructive discharge.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining "Defendant Employers," their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of sex or from engaging in unlawful retaliation;

///

///

-4-

     B.     Grant a permanent injunction enjoining "Defendant Employers," their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex;

     C.     Order "Defendant Employers" to institute and carry out policies, practices and programs which provide equal employment opportunities for females which eradicate the effects of their past and present unlawful employment practices;

     D.     Grant a judgment requiring "Defendant Employers" to pay a class of similarly situated individuals appropriate back pay, front pay, compensatory damages and benefits in an amount to be determined at trial including prejudgment interest;

     E.     Order "Defendant Employers" to make a class of similarly situated individuals whole by providing affirmative relief necessary to eradicate the effects of its unlawful practices including, but not limited to, payment of compensatory damages to the class members;

     F.     Order "Defendant Employers" to pay a class of similarly situated individuals punitive damages in an amount to be determined at trial;

     G.     Award the Commission its costs in this action; and

///
///
///
///
///
///
///
///
///
///
///
///
///

1        H.    Grant such further relief as the Court deems necessary and proper in

2    the public interest.

3    **JURY DEMAND**

4        The Commission requests a jury trial on all questions of fact raised by its Complaint.

5        Respectfully Submitted By:

6

7    U.S. EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION
8    1801 "L" Street, N.W.
     Washington, D.C. 20507
9

10   Eric S. Dreiband, General Counsel
     James Lee, Deputy General Counsel
11   Gwendolyn Reams, Associate General Counsel

12   September 2K, 2004

13   By: _____
     Anna Y. Park, Regional Attorney
14   Dana C. Johnson, Trial Attorney

15   U.S. EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION
16   255 East Temple Street, 4th Floor
     Los Angeles, California 90012
17

18

19

20

21

22

23

24

25

26

27

28